IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| James Griffin, | ) | C/A No.: 0:10-489-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Wilcohess, LLC d/b/a Wendy's, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on the defendant's motion for summary judgment. (ECF. No. 25). The Court held a hearing on September 21, 2010. After considering the written materials submitted and the arguments of counsel, the Court grants the motion for summary judgment.

I.  **Factual and Procedural History**

The plaintiff purchased and ate a double cheeseburger from a Wendy's restaurant located in defendant Wilcohess, LLC's store in Blacksburg, South Carolina on July 6, 2008. The plaintiff alleges that the defendant was negligent in the preparation of his food and that this negligence caused him to develop food poisoning from salmonella bacteria.

On January 19, 2010, the plaintiff filed suit for negligence in the South Carolina Court of Common Pleas in York County. On March 2, 2010, the defendant removed the case to this Court and subsequently moved for summary judgment.

II.  **Legal Standard**

Summary judgment should be granted "if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c)(2). The party opposing summary judgment "must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

"The party seeking summary judgment carries the burden of showing that there is no genuine issue as to any material fact in the case." Pulliam Inv. Co. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987). "When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." Id.

### III. Law and Analysis

To prove negligence, the plaintiff must be able to show that there was a duty, a breach of that duty, causation, and damages. Hubbard v. Taylor, 339 S.C. 582 (S.C. Ct. App. 2000). The burden is on the plaintiff to prove that the cheeseburger was unfit and that it caused his illness. Miller v. Atlantic Bottling Corp., 259 S.C. 278 (1972). In South Carolina, a plaintiff can not prove negligence through res ipsa loquitur. Eickhoff v. Beard-Laney, 199 S.C. 500 (1942).

First, the plaintiff is unable to show that the defendant breached a duty and sold him an unfit cheeseburger. The defendant submitted an affidavit from the district manager which states that 3,452 food items were sold at that Wendy's location on July 6, 2008, and there were no other reports of illness. Further, during that time, the store maintained a 100% retail food inspection rating from the South Carolina Department of Health and Environmental

Control. Finally, all food is prepared following the Wendy's Operations Standards Manual, and the computer-controlled grill prevents employees from serving under-cooked food. In his deposition, the plaintiff states that the meat in the cheeseburger appeared fully-cooked and tasted normal. The plaintiff has presented no evidence that the cheeseburger was negligently prepared except a bare claim that he was the only member of his household to eat the cheeseburger and the only member to get sick.

Second, the plaintiff has not shown anything to suggest that the cheeseburger caused his illness except test results that confirm he had salmonella poisoning. When an average juror could not conclude whether there was a causal connection between eating the unwholesome food and a later illness, expert testimony is needed. See Burr v. Coca-Cola Bottling Co. of Columbia, 256 S.C. 162 (1971). The plaintiff has not retained an expert except for the treating physician, who determined that the plaintiff had salmonella poisoning but did not express an opinion about its source.

In the opinion of Dr. Robert Cantey, the defendant's expert, if the cheeseburger contained salmonella, the length of time from when the plaintiff ate it until he starting feeling sick was not sufficient for the bacteria to incubate. He believes that the poisoning came from food he ate the previous day, such as eggs or oysters. Dr. Cantey lists the typical incubation period as ranging from 6 to 72 hours with an average of 54 hours. The plaintiff has had difficulty stating exactly how much time passed before his symptoms started, and the timelines in his statement and deposition vary. Regardless of the precise time, the plaintiff's

symptoms started too soon to be a result of eating the cheeseburger, according to Dr. Cantey.

## IV.   Conclusion

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986). The plaintiff tries to prove negligence by relying on the fact that he was the only member of his household to get salmonella poisoning. However, to defeat the defendant's motion for summary judgment, the plaintiff "may not rely merely on allegations or denials in [his] own pleading; rather, [his] response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

Viewing the evidence in the light most favorable to the plaintiff, the Court finds that there are no genuine issues of material fact in this case and grants the defendant's motion for summary judgment.

IT IS SO ORDERED.

September 23, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

4